SAULET *vs.* GIRARD.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF JEFFERSON.

The act of the 11th March, 1830, abolishing the office of curator *ad bona et ad litem* to minors, does not apply in cases where curators were appointed before the promulgation of the act. If the first curator is removed, another must be appointed, although since the general law abolishing the office.

The plaintiff having been appointed curator *ad bona* to the minors Foucher, applied to the Court of Probates, to be discharged, and that a tutor and under tutor be appointed to said minors.

It appeared by a statement of facts admitted, that A. Foucher, jr., was appointed curator *ad bona* of the minors Foucher, the 26th January, 1830, and regularly removed from said office, in December, 1834, and the plaintiff nominated as curator *ad bona* in his place.

The judge of probates decided, that Foucher having been appointed before the passage of the act of the 11th March, 1830, abolishing the office of curators to minors, by the proviso in the 9th section of said act, that law is not applicable to a case like the present. Judgment was rendered, maintaining the plaintiff in his appointment, from which he appealed.

*Pichot*, for the plaintiff, contended, that the judgment of the Probate Court was erroneous, because by the 9th section of the act of the 11th March, 1830, there shall hereafter be no curator *ad bona* or *ad litis* appointed to minors.

2. That although by the proviso in the 9th section of said act, this law shall not apply to cases, in which curators *ad bona* shall have been appointed previous to its promulgation, yet this proviso cannot be so construed, as to suppose that

EASTERN DIST.
February, 1835.

SAULET
vs.
GIRARD.

curators may be now appointed, but that only those in office at the time, were to be maintained until it became vacant.

3. The legislature having in 1828 passed a law, that minors should remain under the authority of their, tutors, until they obtained the age of majority, it became necessary to abolish the office of curator *ad bona* and *ad litis*, to make the system harmonise with the civil law, the office therefore no longer exists, since 1830.

4. By reference to the articles of the Code which treat of tutorship and curatorship, it will be seen that the alteration was made in the law, for the greater security of minors; so that in this case, the minors Foucher should have the benefit of it.

*Rost, contra.*

*Bullard, J.,* delivered the opinion of the court.

The statement of facts in this case, shows that A. Foucher, jr. was regularly appointed curator *ad bona* of his minor children, before the promulgation of the act of the 11th March, 1830, entitled "an act in addition to the laws now in force, relative to tutors and curators of minors;" that in December, 1834, he was regularly deprived of the curatorship, and that François Saulet was thenceforth appointed curator *ad bona* of the children, in the manner and form required by law for the appointment of such curators, before the passage of that act. The question therefore which the case presents, is whether this last appointment was regular and legal.

The 9th section of the act declares, that there shall hereafter be no curator *ad bona* or curator *ad litem* appointed in any case, but that the persons and estates of minors shall in all cases, be placed under the power of tutors and undertutors, &c. The proviso to this section, out of which the controversy has arisen, is in the following words: "provided that this section shall not apply to cases, in which curators *ad bona* shall have been appointed, before the promulgation of this act."

The act of the 11th March, 1830, abolishing the office of curator, *ad bona* and *ad litem* to minors, does not apply in cases where curators were appointed before the promulgation of the act. If the first curator is removed, another must be appointed, although since the general law abolishing the office.

EASTERN DIST.
February, 1855.

SAULET
vs.
GIRARD.

This proviso applies to the whole section; as well to that part, which abolishes the trust of curator *ad bona*, as to that which provides for the appointment of tutors and under tutors. Surely then it cannot be said that this statute authorises the appointment of a tutor to minors, who were already provided with curators *ad bona*, before its promulgation. If the section stood without the proviso, then indeed it would authorise the appointment of a tutor and under tutor, in this case. The construction contended for by the appellant, would leave the proviso without effect. But we are bound, if possible, to give it some effect, if susceptible of it. This can only be done by supposing that the legislature intended that such minors, as were at the promulgation of the act provided with curators *ad bona*, should continue under that species of guardianship until their age of majority, and that the change of system should not apply to them. With respect to them, the trust of curator *ad bona*, as established by the Code, still exists, because it is declared that as to their case, this section shall not apply. As to them, we are therefore bound to consider it as unwritten, for it appears to us clear, that it does not authorise the appointment of a tutor and under tutor. We are, therefore, of opinion, that the Probate Court did not err in maintaining the appointment of a curator *ad bona*.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.